**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2843
_____

AMRO A. ELANSARI,
                              Appellant

v.

UNITED STATES; COMMONWEALTH OF PENNSYLVANIA;
PENN STATE DICKINSON SCHOOL OF LAW; CENTRE COUNTY
COURTHOUSE; STATE COLLEGE POLICE DEPARTMENT;
CENTRE COUNTY CORRECTIONAL FACILITY; CENTRE COUNTY DISTRICT
ATTORNEY'S OFFICE; TOWN OF BLOOMSBURG; COLUMBIA COUNTY
DISTRICT ATTORNEY'S OFFICE; COLUMBIA COUNTY COURTHOUSE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-cv-01461)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 27, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed September 10, 2015)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Amro Elansari appeals the District Court's denial of his request for a preliminary injunction. For the reasons below, we will summarily affirm the District Court's order.

On July 28, 2015, Elansari filed a civil rights complaint and a request for emergency injunctive relief. He requested that the District Court allow him to use marijuana for medical reasons and enjoin law enforcement agencies from arresting anyone for marijuana-related crimes. The District Court denied the request for injunctive relief, and Elansari filed a pro se notice of appeal. He has also filed a request for emergency injunctive relief on appeal as well as other motions for relief.

We have jurisdiction over the District Court's denial of the injunction pursuant to 28 U.S.C. § 1292(a)(1). We review the denial of a motion for a preliminary injunction for an abuse of discretion but review the District Court's underlying legal conclusions de novo. Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). To obtain injunctive relief, a party must show a likelihood of success on the merits, irreparable harm if the injunction is not granted, that relief will not cause greater harm to the nonmoving party, and that relief is in the public interest. Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). The third and fourth factors merge when the Government is the opposing party. Nken v. Holder, 556 U.S. 418, 435 (2009).

Elansari argues that the legal prohibition on marijuana is unconstitutional. He requests that we enjoin the arrest, prosecution, and incarceration of persons for marijuana

2

possession, use, and distribution. [1] Elansari cannot show a likelihood on the success of his claim that the marijuana prohibition is unconstitutional. The Supreme Court has upheld as constitutional the application of the Controlled Substances Act (CSA) to the intrastate growth and possession of marijuana for personal medicinal purposes as recommended by a doctor. Gonzales v. Raich, 545 U.S. 1, 22 (2005); see also Younger v. Harris, 401 U.S. 37, 54 (1971) ("the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it."); Raich v. Gonzales, 500 F.3d 850, 866 (9th Cir. 2007) (no fundamental right to use marijuana prescribed by a physician to alleviate pain). [2]

As for irreparable harm, Elansari asserts that he is being prevented from relieving his stress and pain by smoking marijuana. While Elansari argues that he needs to use marijuana for medical and religious reasons, he fails to specify what his medical needs[3] or religious beliefs are. Giving Elansari the relief he requests—enjoining prosecutions

---

[1] As a layman in a civil action, Elansari cannot litigate a habeas claim requesting the release of a third party. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (writ of habeas corpus is the sole remedy when release from imprisonment is sought); see also Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 536 n.1 (2007) (noting "general common law rule that nonattorneys cannot litigate the interests of another.").

[2] According to the electronic docket for the Court of Common Pleas of Centre County, Elansari is facing several counts of manufacturing, delivering or possessing with the intent to manufacture or deliver a controlled substance. Thus, he is contesting the application of the CSA not only to the possession of marijuana for non-profit medical use but also the distribution of marijuana for profit.

[3] He stated in a District Court pleading that he is now smoking cigars for his unspecified "breathing exercises."

3

for marijuana possession, use and distribution—would clearly result in greater harm to the Government and would not be in the public interest.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order, see Third Circuit I.O.P. 10.6., and deny Elansari's emergency motion for relief. His remaining motions and his request that we certify a question to the Supreme Court are denied.[4]

---

[4] Supreme Court Rule 19 provides that a Court of Appeals may certify a question of law on which it seeks instruction for the proper decision of a case. We are confident that we do not require any such instruction for the proper decision of this case.